ORIGINAL

FILED
JUN 07 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

*IN THE UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF OHIO*
*EASTERN DIVISION*

WILLIAM H. BAER # 565-582,
P.O. Box # 8107
MANSFIELD, OHIO. 44901,

*Plaintiff,*

-vs-

ROGER WILSON,
(CHIEF INSPECTOR),
4545 FISHER ROAD,
COLUMBUS, OHIO. 43228,

AND

KAREN STANFORTH,
(ASSISTANT CHIEF INSPECTOR),
4545 FISHER ROAD,
COLUMBUS, OHIO. 43228,

AND

KELLY ROSE,
(INSTITUTIONAL INSPECTOR),
RICHLAND CORR. INSTITUTION,
1001 OLIVESBURG ROAD,
MANSFIELD, OHIO. 44901,

AND

DORENE BURKHART,
(HEALTH CARE ADMINISTRATOR),
RICHLAND CORR. INSTITUTION,
1001 OLIVESBURG ROAD,
MANSFIELD, OHIO. 44901,

AND

CIVIL CASE NO. 1:19 CV 01318

JUDGE: JUDGE OLIVER

MAG. JUDGE GREENBERG

**COMPLAINT**

RACHEAL WHEELER,
(NURSE PRACTITIONER),
RICHLAND CORR. INSTITUTION,
1001 OLIVESBURG ROAD,
MANSFIELD, OHIO. 44901,

AND

DANNY HALL,
(NURSE PRACTITIONER),
RICHLAND CORR. INSTITUTION,
1001 OLIVESBURG ROAD,
MANSFIELD, OHIO. 44901,

AND

MBANEFO OJUKWU,
(NURSE PRACTITIONER),
RICHLAND CORR. INSTITUTION,
1001 OLIVESBURG ROAD,
MANSFIELD, OHIO. 44901,

*Defendants.*

1:19 CV n1318

I. Previous Lawsuit:

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? NO.

    B. If your answer is yes, describe the lawsuit in the space below, (if there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1. <u>THERE ARE NO OTHER LAWSUITS.</u>

II. **Place of Present Confinement.** RICHLAND CORRECTIONAL INSTITUTION.

  A. Is there a prisoner grievance procedure in this institution? YES.

  B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? YES.

  C. If your answer is YES,
  1. What steps did you take?
      I filed an Informal Complaint, then I escalated it to a Notification of Grievance, then I appealed it to the Chief Inspector, whereby exhausting my complete grievance procedure requirement.

  2. What was the result?
      My grievance was denied at every level.

III. **Parties:**

(In item A below, place your name in the first blank and place your present address in the second blank).

  A. Name of Plaintiff Mr. William H. Baer # 565-582

     Address P.O. Box # 8107, Mansfield, Ohio 44901

(In item B below, place the full name of the defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Use item C for the names, positions and places of employment of any additional defendants).

B. Defendant ROGER WILSON, is employed as the Chief Inspector at the Ohio Department of Rehabilitations and Corrections, 4545 Fisher Road, COLUMBUS, OHIO. 43228,

C. Additional Defendants:

KAREN STANFORTH, (ASSISTANT CHIEF INSPECTOR), 4545 FISHER ROAD, COLUMBUS, OHIO. 43228; **AND** KELLY ROSE, (INSTITUTIONAL INSPECTOR), RICHLAND CORR. INSTITUTION, 1001 OLIVESBURG ROAD, MANSFIELD, OHIO. 44901; **AND** DORENE BURKHART, (HEALTH CARE ADMINISTRATOR), RICHLAND CORR. INSTITUTION, 1001 OLIVESBURG ROAD, MANSFIELD, OHIO. 44901; **AND** RACHEAL WHEELER, (NURSE PRACTITIONER), RICHLAND CORR. INSTITUTION, 1001 OLIVESBURG ROAD, MANSFIELD, OHIO. 44901; **AND** DANNY HALL, (NURSE PRACTITIONER), RICHLAND CORR. INSTITUTION, 1001 OLIVESBURG ROAD, MANSFIELD, OHIO. 44901; **AND** MBANEFO OJUKWU, (NURSE PRACTITIONER), RICHLAND CORR. INSTITUTION, 1001 OLIVESBURG ROAD, MANSFIELD, OHIO. 44901.

## IV. STATEMENT OF CLAIM

1. Plaintiff is a prisoner of the State of Ohio, under the custody of the Ohio Department of Rehabilitation and Corrections, currently confined at the Richland Correctional Institution located in Mansfield, Ohio. Plaintiff arrived at this Institution in the month of July, 2018.

2. Plaintiff has had a history of problems with breathing and other sinus problems that stemmed from being housed at the Grafton Correctional Institution, located in Grafton, Ohio, and residing in a Dormitory which, on both sides of his bed there existed a trash can that was placed there to catch "rain water" as the roof had massive leaks in it and there also existed "black mold" in the ceiling of the said dormitory which resulted in the dormitory being shut down eventually.

3. Plaintiff resided in that dormitory, under the aforementioned living conditions for approximately six months before finally being moved to B-8 housing unit. Shortly afterward, Plaintiff started having massive complications with breathing and left sinus repeatedly being infected.

4. Plaintiff began submitting Health Care Request Forms complaining about his health situation, and was told that it was "anxiety" and to just start relaxing. Plaintiff suffered so badly from lack of breathing in the year of 2014, that he was sent to Ohio State University Hospital because they could not get Plaintiff's pulse up, after two breathing treatments.

5. Plaintiff remained at the University hospital overnight and then taken to the Franklin Medical Center for another eight (8) days all while taking breathing treatments and antibiotics. No further treatment or examinations were conduct or administered.

6. Since that time, Plaintiff has put in monthly complaints of having symptoms such as:
   1. Lack of breathing, leading to complete bed restriction;
   2. Unable to walk at times;
   3. Dizziness and black-out spells, coughing, and puking.

7. Over the next several years, Plaintiff has received treatment which included but is not limited to prednisone, antibiotics, and an allergy injection which use to be every few months. Plaintiff has lived with this health problem for over five years with different kinds of health problems from this nature.

8. Plaintiff arrived at the Richland Correctional Institution during the month of July, 2018, and after a month or so, was placed in the 4H dormitory, bed A-25. Since this time the Plaintiff's symptoms began getting seriously worsened to the point that the Plaintiff was receiving his injections monthly, as well as being placed on prednisone and antibiotics more frequently.

9. Plaintiff's condition was so bad that he had to be transported to the prison infirmary by medical transportation, was suffering from massive nose bleeds, dizziness, puking and simply not being able to breath. Plaintiff was taken to the prison infirmary here at the institution and has been given breathing treatments. None of the medical assistance that was provided has been sufficient to help with Plaintiff's serious medical needs.

10. With no other course left, Plaintiff finally filed an Informal Complaint (I.C.) to Defendant Burkhart on 2/20/19, explaining that the Plaintiff has had major problems with his health/sinus, has been seen by several doctors here in the past in prison, but have not undergone any tests to determine exactly what is wrong and that the only examinations conducted were visual, and then placed on medicine that is not effective at all. Plaintiff explained that his health is deteriorating and requested adequate medical treatment.

11. Defendant Burkhart responded on 2/22/19, and simply stated that the Plaintiff has asthma and allergic rhinitis. Defendant Burkhart also stated that there has been nothing to warrant an MRI or CT scan.

12. Plaintiff furthered his grievance to Defendant Rose and placed him on notice of the severe medical issues that he was experiencing and asked Defendant Rose to please help him. However, Defendant Rose stated that he reviewed past grievances on this same issue, the State of Ohio Policy68-MED-01, 68-MED-14(B) and that Plaintiff is being treated properly. Defendant Rose stated that he cannot force the medical department to perform medical treatment, but what the Defendant can do is to report the denial of adequate medical treatment and assist the Plaintiff into his request for the treatment that is necessary to his serious medical needs, but Defendant Rose simply chose to allow the medical staff to do what they wish with Plaintiff's serious medical needs.

13. Plaintiff further placed Defendant Roger Wilson on notice of the denial of adequate medical treatment by the Richland Correctional Institution's medical staff. Defendant Roger's assistant, Defendant Karen Stanforth, responded to the grievance to the office of the Chief Inspector and stated that Plaintiff is being treated adequately, after knowing that the Plaintiff was puking, having dizzy spells, having massive nose bleeds and having serious problems breathing.

14. Plaintiff began saving all of his Health Care Request forms (HCRF) and documenting each and every time he was seen by the medical staff at this prison. Plaintiff place a HCRF to medical on 3/10/19, requesting a re-fill of his symbicort and atrovent. Another HCRF was sent in on 3/10/19 requesting an injection and that his left sinus was infected again. On 3/11/19, Plaintiff was seen at Nurse Sick-call and was referred to see a doctor.

15. On 3/12/19, Plaintiff was seen by Defendant Hall, who is in fact not a Doctor, and he administered an injection and prescribed prednisone for seven days. Defendant Hall further informed the Plaintiff that he (Hall) will have an X-ray performed within the next few days, and on 3/13/19, the X-ray was conducted.

16. Plaintiff was also informed on 3/15/19, while at "pill call" that he was also taking antibiotics and that it was for a fourteen-day period.

17. During that time period of being prescribed antibiotics, the plaintiff still experienced nose bleeds, sinus blockage, headaches, dizziness and upset stomach.

18. On 3/28/19, Plaintiff was again seen by defendant Hall who informed the plaintiff that the X-ray that was taken clearly demonstrates that the plaintiff was suffering from a sinus disease and that he (Hall) was going to speak with the Doctor about taking further action. Plaintiff asked Defendant Hall if he (Plaintiff) could speak with the Doctor and defendant Hall said "No."

19. Plaintiff had more nose bleeds, headaches, dizziness, coughing spells, and puking incidents, that are still ongoing as of the writing of this complaint, and has had no adequate medical treatment for his health condition which is continuing to progress in a depleted manner.

20. Plaintiff, through evidence and belief, Plaintiff has placed defendant's on continuous notice of his depleted health through Health Care Request Forms as well as grievances, but all to no avail.

21. Plaintiff was seen by Defendant Doctor Mbanefo Ojukwu on 4/9/19, and he stated to the plaintiff that plaintiff had sinusitis. Defendant Mbanefo Ojukwu told the plaintiff that he (defendant) would get the plaintiff to the Franklin Medical Center, but that never happened.

22. On 4/12/19, Defendant Ojukwu made a "progress Note" stating that Plaintiff has a "chronic ongoing sinusitis with polyp (L) associated with frequent exacerbation, asthma/COPD exacb, has been on multiple rounds of antibiotics, steroids, nasal decongestants and antihistamines with no relief. He needs Ct scan Sinus without contrast (APOC) prior to ENT consult."

23. Throughout the next few weeks, plaintiff continued to suffer nose bleeds, puking, coughing, dizziness, lack of proper breathing and massive headaches. The last time the plaintiff was prescribed any medication for his serious medical needs was on or about the first week of April, 2019. On 5/7/19, plaintiff was finally taken to the Franklin Medical Center to have a Ct scan performed.

24. Plaintiff was seen by Defendant Wheeler on 5/14/19, and said defendant informed the Plaintiff that he (plaintiff) had sinusitis and that he (plaintiff) would be going on another round trip to see a Doctor about a possible surgery. Defendant Wheeler then stated that all they need to do is just to find the right nasal spray that fits the plaintiff's problem.

25. Plaintiff has been on multiple antibiotics, nasal sprays, antihistamines, steroids and breathing treatments for the past two years, and the health of the plaintiff has

deteriorated to the extent of the deplorable physical assessment since the plaintiff's arrival at the Richland Correctional Institution, he has been forced to submit an extensive amount of Health Care Request Forms, and has gone as far as to file and exhaust his Administrative grievance procedure, whereby placing Defendants Burkhart, Rose, Wilson and Stanforth on notice of his severe medical condition, all to no avail. All of these named defendants have acted with a deliberate indifference to the plaintiff's serious medical needs and has used a reckless disregard and malice intent to deprive the plaintiff of adequate medical treatment.

26. Defendants Hall, Ojukwu and Wheeler have all been placed on notice of the plaintiff's serious medical needs by way of Health Care Request Forms, Doctor Sick Call consultations/interviews, and through X-rays and a Ct scan, and have acted with a deliberate indifference to deprive the plaintiff of adequate medical treatment all for no good cause or reason.

27. Due to the aforementioned defendants' deliberate indifference to the plaintiff's serious medical needs, the plaintiff has and continues to go on each day suffering from massive headaches, nose bleeds, trouble breathing, dizziness, unable to smell, puking and limited movement, all for no good cause or reason.

28. The aforementioned deliberate indifference established from the defendants are a direct and proximate result in the plaintiff suffering further from paranoia that the defendants would allow the defendant to die before providing adequate medical care. Plaintiff now experiences depression, anxiety, anguish, frustration and an ongoing medical need, all at the hands of the defendants' aforementioned deliberate indifference to the plaintiff's serious medical needs.

## V. RELIEF

Plaintiff hereby requests the following Relief:

A. A preliminary injunction whereby prohibiting the defendants, their agents, officers and/or employees from transferring the plaintiff from the Richland Correctional Institution, unless specifically requested by the plaintiff, or if a transfer is due to institutional need;

B. Award the Plaintiff compensatory and/or monetary relief in the amount of $1,000,000.00 One Million Dollars from each defendant to the plaintiff;

C. Award the Plaintiff punitive damages/relief in the amount of $1,000,000.00 One Million Dollars from each defendant to the Plaintiff;

D. An ORDER from this Court which consists of the defendants, their agents, officers and/or employees to adopt policies and practices that will provide prisoners here at the Richland Correctional Institution adequate medical treatment in the way of surgeries, operations and other medical needs that require specialists and doctors who are schooled in the field of medicine as required on case by case analysis;

E. Any and all further relief that this Court may deem just, proper and/or equitable.

_____
**SIGNATURE OF PLAINTIFF WILLIAM BAER**

SIGNED THIS 3 DAY OF June, 2019.

SWORN AND SUBSCRIBED BEFORE ME THIS 3 DAY OF June, 2019.

_____
**NOTARY PUBLIC**

TAMMY K. RISINGER
NOTARY PUBLIC,
STATE OF OHIO
My Commission Expires
June 3, 2020

STATE OF OHIO              )
                           )  ss.
COUNTY OF RICHLAND         )

## AFFIDAVIT OF WILLIAM BAER IN SUPPORT OF COMPLAINT

Now comes William Baer, Affiant/Plaintiff herein, after first being duly cautioned according to law, deposes and states the following:

I am a citizen of the United States, a resident of the State of Ohio and a prisoner under the custody of the Ohio Department of Corrections, currently residing at the Richland Correctional Institution, located in Mansfield, Ohio. I make this affidavit on behalf of myself and the rest is my free act and deed.

1. Plaintiff has had a history of problems with breathing and other sinus problems that stemmed from being housed at the Grafton Correctional Institution, located in Grafton, Ohio, and residing in a Dormitory which, on both sides of his bed there existed a trash can that was placed there to catch "rain water" as the roof had massive leaks in it and there also existed "black mold" in the ceiling of the said dormitory which resulted in the dormitory being shut down eventually.

2. Plaintiff resided in that dormitory, under the aforementioned living conditions for approximately six months before finally being moved to B-8 housing unit. Shortly afterward, Plaintiff started having massive complications with breathing and left sinus repeatedly being infected.

3. Plaintiff began submitting Health Care Request Forms complaining about his health situation, and was told that it was "anxiety" and to just start relaxing. Plaintiff suffered so badly from lack of breathing in the year of 2014, that he was sent to Ohio State University Hospital because they could not get Plaintiff's pulse up, after two breathing treatments.

4. Plaintiff remained at the University hospital overnight and then taken to the Franklin Medical Center for another eight (8) days all while taking breathing treatments and antibiotics. No further treatment or examinations were conduct or administered.

5. Since that time, Plaintiff has put in monthly complaints of having symptoms such as:
    1. Lack of breathing, leading to complete bed restriction;
    2. Unable to walk at times;
    3. Dizziness and black-out spells, coughing, and puking.

6. Over the next several years, Plaintiff has received treatment which included but is not limited to prednisone, antibiotics, and an allergy injection which use to be every few months. Plaintiff has lived with this health problem for over five years with different kinds of health problems from this nature.

7. Plaintiff arrived at the Richland Correctional Institution during the month of July, 2018, and after a month or so, was placed in the 4H. dormitory, bed A-25. Since this time the Plaintiff's symptoms began getting seriously worsened to the point that the Plaintiff was receiving his injections monthly, as well as being placed on prednisone and antibiotics more frequently.

8. Plaintiff's condition was so bad that he had to be transported to the prison infirmary by medical transportation, was suffering from massive nose bleeds, dizziness, puking and simply not being able to breath. Plaintiff was taken to the prison infirmary here at the institution and has been given breathing treatments. None of the medical

assistance that was provided has been sufficient to help with Plaintiff's serious medical needs.

9. With no other course left, Plaintiff finally filed an Informal Complaint (I.C.) to Defendant Burkhart on 2/20/19, explaining that the Plaintiff has had major problems with his health/sinus, has been seen by several doctors here in the past in prison, but have not undergone any tests to determine exactly what is wrong and that the only examinations conducted were visual, and then placed on medicine that is not effective at all. Plaintiff explained that his health is deteriorating and requested adequate medical treatment.

10. Defendant Burkhart responded on 2/22/19, and simply stated that the Plaintiff has asthma and allergic rhinitis. Defendant Burkhart also stated that there has been nothing to warrant an MRI or CT scan.

11. Plaintiff furthered his grievance to Defendant Rose and placed him on notice of the severe medical issues that he was experiencing and asked Defendant Rose to please help him. However, Defendant Rose stated that he reviewed past grievances on this same issue, the State of Ohio Policy68-MED-01, 68-MED-14(B) and that Plaintiff is being treated properly. Defendant Rose stated that he cannot force the medical department to perform medical treatment, but what the Defendant can do is to report the denial of adequate medical treatment and assist the Plaintiff into his request for the treatment that is necessary to his serious medical needs, but Defendant Rose simply chose to allow the medical staff to do what they wish with Plaintiff's serious medical needs.

12. Plaintiff further placed Defendant Roger Wilson on notice of the denial of adequate medical treatment by the Richland Correctional Institution's medical staff. Defendant Roger's assistant, Defendant Karen Stanforth, responded to the grievance to the office of the Chief Inspector and stated that Plaintiff is being treated adequately, after knowing that the Plaintiff was puking, having dizzy spells, having massive nose bleeds and having serious problems breathing.

13. Plaintiff began saving all of his Health Care Request forms (HCRF) and documenting each and every time he was seen by the medical staff at this prison. Plaintiff place a HCRF to medical on 3/10/19, requesting a re-fill of his symbicort and atrovent.

Another HCRF was sent in on 3/10/19 requesting an injection and that his left sinus was infected again. On 3/11/19, Plaintiff was seen at Nurse Sick-call and was referred to see a doctor.

14. On 3/12/19, Plaintiff was seen by Defendant Hall, who is in fact not a Doctor, and he administered an injection and prescribed prednisone for seven days. Defendant Hall further informed the Plaintiff that he (Hall) will have an X-ray performed within the next few days, and on 3/13/19, the X-ray was conducted.

15. Plaintiff was also informed on 3/15/19, while at "pill call" that he was also taking antibiotics and that it was for a fourteen-day period.

16. During that time period of being prescribed antibiotics, the plaintiff still experienced nose bleeds, sinus blockage, headaches, dizziness and upset stomach.

17. On 3/28/19, Plaintiff was again seen by defendant Hall who informed the plaintiff that the X-ray that was taken clearly demonstrates that the plaintiff was suffering from a sinus disease and that he (Hall) was going to speak with the Doctor about taking further action. Plaintiff asked Defendant Hall if he (Plaintiff) could speak with the Doctor and defendant Hall said "No."

18. Plaintiff had more nose bleeds, headaches, dizziness, coughing spells, and puking incidents, that are still ongoing as of the writing of this complaint, and has had no adequate medical treatment for his health condition which is continuing to progress in a depleted manner.

19. Plaintiff, through evidence and belief, Plaintiff has placed defendant's on continuous notice of his depleted health through Health Care Request Forms as well as grievances, but all to no avail.

20. Plaintiff was seen by Defendant Doctor Mbanefo Ojukwu on 4/9/19, and he stated to the plaintiff that plaintiff had sinusitis. Defendant Mbanefo Ojukwu told the plaintiff that he (defendant) would get the plaintiff to the Franklin Medical Center, but that never happened.

21. On 4/12/19, Defendant Ojukwu made a "progress Note" stating that Plaintiff has a "chronic ongoing sinusitis with polyp (L) associated with frequent exacerbation, asthma/COPD exacb, has been on multiple rounds of antibiotics, steroids, nasal decongestants and antihistamines with no relief. He needs Ct scan Sinus without contrast (APOC) prior to ENT consult."

22. Throughout the next few weeks, plaintiff continued to suffer nose bleeds, puking, coughing, dizziness, lack of proper breathing and massive headaches. The last time the plaintiff was prescribed any medication for his serious medical needs was on or about the first week of April, 2019. On 5/7/19, plaintiff was finally taken to the Franklin Medical Center to have a Ct scan performed.

23. Plaintiff was seen by Defendant Wheeler on 5/14/19, and said defendant informed the Plaintiff that he (plaintiff) had sinusitis and that he (plaintiff) would be going on another round trip to see a Doctor about a possible surgery. Defendant Wheeler then stated that all they need to do is just to find the right nasal spray that fits the plaintiff's problem.

24. Plaintiff has been on multiple antibiotics, nasal sprays, antihistamines, steroids and breathing treatments for the past two years, and the health of the plaintiff has deteriorated to the extent of the deplorable physical assessment since the plaintiff's arrival at the Richland Correctional Institution, he has been forced to submit an extensive amount of Health Care Request Forms, and has gone as far as to file and exhaust his Administrative grievance procedure, whereby placing Defendants Burkhart, Rose, Wilson and Stanforth on notice of his severe medical condition, all to no avail. All of these named defendants have acted with a deliberate indifference to the plaintiff's serious medical needs and has used a reckless disregard and malice intent to deprive the plaintiff of adequate medical treatment.

25. Defendants Hall, Ojukwu and Wheeler have all been placed on notice of the plaintiff's serious medical needs by way of Health Care Request Forms, Doctor Sick Call consultations/interviews, and through X-rays and a Ct scan, and have acted with a deliberate indifference to deprive the plaintiff of adequate medical treatment all for no good cause or reason.

26. Due to the aforementioned defendants' deliberate indifference to the plaintiff's serious medical needs, the plaintiff has and continues to go on each day suffering from massive headaches, nose bleeds, trouble breathing, dizziness, unable to smell, puking and limited movement, all for no good cause or reason.

27. The aforementioned deliberate indifference established from the defendants are a direct and proximate result in the plaintiff suffering further from paranoia that the defendants would allow the defendant to die before providing adequate medical care. Plaintiff now experiences depression, anxiety, anguish, frustration and an ongoing

medical need, all at the hands of the defendants' aforementioned deliberate indifference to the plaintiff's serious medical needs.

28. Further, Affiant/Plaintiff sayeth naught.

_____
SIGNATURE OF AFFIANT/PLAINTIFF

SWORN AND SUBSCRIBED BEFORE ME THIS 3 DAY OF June, 2019.

TAMMY K. RISINGER
NOTARY PUBLIC,
STATE OF OHIO
My Commission Expires
June 3, 2020

_____
NOTARY PUBLIC

Mr. William Baer # 565-382
P.O. Box # 8107
Mansfield, Ohio.
44901

Inmate
Correspond
RICI

To The Clerk
U.S. District Courthouse
801 West Superior Ave.
Cleveland, Ohio. 44113