UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. BAER | ) | Case No.: 1:19 CV 1318 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER WILSON, et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

*Pro se* Plaintiff William H. Baer, a state prisoner incarcerated at the Richland Correctional Institution ("RCI"), brings this fee-paid action pursuant to 42 U.S.C. § 1983 against defendants Roger Wilson (Chief Inspector), Karen Stanforth (Assistant Chief Inspector), Kelly Rose (Institutional Inspector), Dorene Burkhart (Health Care Administrator), Racheal Wheeler (Nurse Practitioner), Danny Hall (Nurse Practitioner), and Mbanefo Ojukwu (Nurse Practitioner) (collectively, "Defendants").  Plaintiff claims that Defendants denied him adequate medical treatment while he was incarcerated at RCI.  (ECF No. 1).

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

According to the Complaint, Plaintiff arrived at RCI in July, 2018 with a history of breathing and sinus problems. Plaintiff states that these problems stemmed from his confinement in a dormitory at Grafton Correctional Institution ("GCI") where he was exposed to water leaking from the roof and "black mold" in the ceiling. Shortly after he was moved to another dormitory at GCI, Plaintiff began having "massive" breathing problems and a chronic infection in his left sinus. In 2014 while at GCI, he was sent Ohio State University Hospital where he received breathing treatments and antibiotics. Since that time, Plaintiff has complained of symptoms such as difficulty breathing, inability to walk, dizziness and blackout spells, and coughing and vomiting. (*Id*. ¶ 1-7).

Plaintiff states that since he arrived at RCI in July, 2018, his symptoms have worsened to the point that he has received allergy injections monthly, prednisone and antibiotics more frequently, and breathing treatments. But Plaintiff alleges that none of this medical treatments have been sufficient to address his medical problems. (*Id*. ¶ 8-9).

Plaintiff filed an informal complaint with defendant Burkhart on February 20, 2019 stating that while he has been seen by several doctors, he has not undergone testing to determine "what is wrong" with his health. Burkhart responded that Plaintiff has asthma and allergic rhinitis, and an MRI and CT scan are not warranted. Plaintiff took his grievance to defendant Rose, who responded that he reviewed the record and Plaintiff is being treated properly. He received the same response from defendants Wilson and Stanforth. Plaintiff was being treated with symbicort, atrovert, prednisone, and antibiotics, and an X-Ray had been performed. (*Id*. ¶ 10-17).

On March 28, 2019, Plaintiff was seen by defendant Hall who informed Plaintiff that the X-Ray showed he was suffering from a sinus disease. Defendant Ojukwu saw Plaintiff on April 9,

2019 and told Plaintiff he had sinusitis and recommended a CT scan and that Plaintiff be seen at the Franklin Medical Center. On May 7, 2019, a CT scan was performed at the Franklin Medical Center and he was seen by defendant Wheeler on May 14, 2019. Wheeler informed Plaintiff that he had sinusitis and would be seeing a doctor about possible surgery, and they need to "find the right nasal spray that fits the plaintiff's problem." (*Id*. ¶ 18-24).

Plaintiff alleges that he has been on antibiotics, nasal sprays, antihistamines, steroids, and breathing treatments for the past two years, and that Defendants have acted with deliberate indifference to his serious medical needs and with "reckless disregard and malice intent to deprive the plaintiff of adequate medical treatment." Plaintiff alleges that Defendants' deliberate indifference has resulted in Plaintiff suffering from anxiety, depression, and paranoia that Defendants will allow his to die before providing adequate medical care. (*Id*. ¶ 25, 28).

For relief, Plaintiff asks this court to enjoin Defendants from transferring Plaintiff from RCI, award Plaintiff One Million Dollars in compensatory and One Million Dollars in punitive damages from each defendant, and order Defendants to adopt policies and procedures at RCI that will provide adequate treatment to prisoners. (*Id*. at 9-10).

### III. LAW AND ANALYSIS

#### A. Standard of Review

Because Plaintiff paid the filing fee, screening under 28 U.S.C. § 1915(e)(2) is inapplicable. However, as Plaintiff is a prisoner at RCI, his status as a prisoner requires the court to screen his Complaint under 28 U.S.C. § 1915A regardless of whether the filing fee was paid. *Lacoss v. Engler*, 234 F.3d 1268 (Table) (6th Cir. 2000) ("[A]ll complaints filed by prisoners against state officials, whether or not they are proceeding *in forma pauperis*, are subject to sua sponte dismissal for failure

-3-

to state a claim.") (citing 28 U.S.C. § 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)); *Siller v. Dean*, 205 F.3d 1341 (Table) (6th Cir. 2000) (finding that district court improperly dismissed fee paid prisoner civil rights case pursuant to § 1915(e)(2)(B) but affirming the district court's judgment because the complaint was properly subject to dismissal pursuant to § 1915A) (citations omitted); *see also Nelson v. Janice*, No. 2:14-CV-11256, 2014 WL 2765147, at *1 (E.D. Mich. June 18, 2014) ("[A] review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)).

Under § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915A). Detailed factual allegations are not required, but the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a *pro se* pleading, Plaintiff's Complaint will be liberally construed by the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

### B. 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs and failed to provide his with adequate medical treatment. Although he does not specifically identify the alleged constitutional violation at issue, Plaintiff appears to be asserting a § 1983 claim alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "the evolving standards of decency that mark the progress of a maturing society" and, under that standard, obligates the government to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100 (1958)). The government runs afoul of the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 105-06.

In order to prevail on a deliberate indifference claim, Plaintiff must establish two prongs consisting of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Id.* at 837.

But every claim by a prisoner that he has not received adequate medical treatment, as Plaintiff claims here, does not state an Eighth Amendment violation. *Estelle,* 429 U.S. at 105. Claims that prison medical personnel were negligent in diagnosing or treating a medical condition do not state a claim for deliberate indifference to a prisoner's serious medical need under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs. *Id.* at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued and would have led to an appropriate diagnosis and treatment for the daily pain he was suffering).

Here, Plaintiff received regular treatment for his medical conditions, including medication and imaging. At bottom, Plaintiff's claims that the Defendants were deliberately indifferent to his serious medical needs constitute nothing more than disagreement with the course of testing and treatment taken by Defendants in response to his medical complaints. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). "[A] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107 and *Mitchell v. Hininger*, 553 F. App'x. 602, 605

(6th Cir. 2014) (a prisoner's desire for additional or different treatment does not, by itself, support an Eighth Amendment claim)).

For these reasons, Plaintiff fails to state a plausible § 1983 Eighth Amendment claim upon which relief may be granted, and his Complaint is dismissed pursuant to 28 U.S.C. § 1915A.

### IV.  CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                    /s/ Solomon Oliver, Jr.
                    UNITED STATES DISTRICT JUDGE

December 31, 2019